**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

Plaintiff,

-against-

$8,388,824.85 IN UNITED STATES CURRENCY FORMERLY ON DEPOSIT IN CLEAR STREET LLC ACCOUNT NUMBER 115157, HELD IN THE NAME OF IMPERIAL VISION FUND SPC –SERIES 1 SP, AND ALL FUNDS TRACEABLE THERETO; and

CERTAIN SECURITIES CONTAINED IN CLEAR STREET LLC ACCOUNT NUMBER 115157, HELD IN THE NAME OF IMPERIAL VISION FUND SPC – SERIES 1 SP, AND ALL FUNDS TRACEABLE THERETO,

Defendants-*In-Rem*.

Civil Action No.: 1:26-cv-5545-MG

**VERIFIED CLAIM**

Claimant Zhou Huan ("Zhou"), the ultimate beneficial owner, and Claimant IMPERIAL VISION FUND SPC – SERIES 1 SP ("Imperial SP") (Zhou and Imperial SP, together, the "Claimants"), the legal owner of the above-named currency and securities (the "Defendants-In-Rem"), by their undersigned attorneys, submit the following verified Claim of Interest in the above-captioned matter, pursuant to Rule G of the Federal Rules of Civil Procedure Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"):

**Claimants**

1. As set forth more fully below, Ms. Zhou, a citizen of the People's Republic of China, is a Class B Participating Shareholder of Imperial SP and the ultimate beneficial owner of the Defendants-In-Rem.

2. As set forth more fully below, Imperial SP is a Cayman Islands segregated portfolio company of Imperial Vision Fund SPC and the title owner of the Defendants-In-Rem.

**Imperial Vision Fund SPC**

3. On November 4, 2020, Imperial Vision Fund SPC ("Imperial Vision Fund SPC" or the "Company") was incorporated in the Cayman Islands as an exempted segregated portfolio company.

a. Attached hereto as Exhibit 1 is a copy of the Certificate of Incorporation of Imperial Vision Fund SPC.

b. Attached hereto as Exhibit 2 is a copy of the Articles of Association of Imperial Vision Fund SPC (the "Articles of Association").

c. Attached hereto as Exhibit 3 is a copy of the Memorandum of Association of Imperial Vision Fund SPC (the "Memorandum of Association") (together with the Certificate of Incorporation and the Articles of Association, the "Governing Documents").

4. Pursuant to the Cayman Islands Companies Act and the Governing Documents, the business of Imperial Vision Fund SPC is managed by its Board of Directors (the "Board").

5. Effective November 4, 2020, Fong Chun Yin Wilson and Chow Justin Ting Fun were appointed as the first Directors of Imperial Vision Fund SPC. Effective February 2, 2024, Lam Sze Chun replaced Chow Justin Ting Fun as a Director of Imperial Vision Fund SPC.

a. Attached hereto as Exhibit 4 is a copy of the Certificate of Incumbency for Imperial Vision Fund SPC, dated March 23, 2026.

6. Pursuant to the Cayman Islands Companies Act and the Governing Documents, Imperial Vision Fund SPC may issue "Management Shares" and "Participating Shares." Holders of Management Shares have the right to vote at every General Meeting of the Company.

7. On November 26, 2020, the founding management shares of Imperial Vision Fund PSC were transferred from FG Services Limited to Viva Delight Limited, a British Virgin Islands company.

a. Attached hereto as Exhibit 5 is a copy of the Register of Members dated as of 20 November 2024.

8. On November 1, 2024, all management shares of Imperial Vision Fund SPC were transferred from Viva Delight Limited to Cosmic Performance Enterprises Limited, a British Virgin Islands company. *See* Exhibit 5.

9. Pursuant to the Cayman Islands Companies Act and the Governing Documents, the Board is permitted to delegate certain responsibilities to a Manager and/or an Administrator.

10. On November 20, 2020, Imperial Vision Fund SPC executed an Investment Management Agreement with Leo Asset Management Limited ("Leo Asset Management"), a Hong Kong company licensed by the Hong Kong Securities and Futures Commission.

a. Attached hereto as Exhibit 6 is a copy of the Investment Management Agreement dated 20 November 2020 (the "Investment Management Agreement").

b. The Investment Management Agreement delegated to Leo Asset Management regarding the management of assets of Imperial Vision Fund SPC and any segregated portfolio company of Imperial Vision Fund SPC.

11. The Company originally delegated certain administrative functions to Ayasa Globo Financial Services Limited as On February 12, 2025, Imperial Vision Fund SPC and Leo Asset Management executed a Fund Administration Agreement with Credence Business Services PTE. LTD. ("Credence").

a. Attached hereto as Exhibit 7 is a copy of the Fund Administration Agreement dated 12 February 2025, which delegated to Credence certain administrative functions.[1]

12. On June 2, 2026, Imperial Vision Fund SPC retained BaselCorp Pte. Ltd. ("BaselCorp") as the fund Administrator.

a. Attached hereto as Exhibit 8 is a copy of the Singapore Master Services Agreement dated June 2, 2026 by and between Imperial Vision Fund SPC and BaselCorp, which delegated to BaselCorp certain administrative functions.[2]

**Imperial SP**

13. On April 19, 2021, Imperial Vision Fund SPC registered with the Cayman Islands Monetary Authority as a mutual fund under Registration No. 1867821.

a. Attached hereto as Exhibit 9 is a copy of the Certificate of Registration dated 19 April 2021.

b. Attached hereto as Exhibit 10 is a copy of the Confidential Offering Memorandum of Imperial Vision Fund SPC dated 16 April 2021.

14. On May 31, 2023, the Board executed a resolution establishing the segregated portfolio Imperial SP and authorizing the issuance of Participating Shares referable to Imperial SP.

a. Attached hereto as Exhibit 11 is a copy of the Written Resolutions by All the Directors of the Company, dated 31 May 2023.

b. Attached hereto as Exhibit 12 is a copy of the Supplement to the Confidential Offering Memorandum of Imperial Vision Fund SPC relating to Imperial SP, dated 7 July 2023.

---

[1] Certain commercially sensitive information in Exhibit 7 has been redacted.
[2] Certain commercially sensitive information in Exhibit 8 has been redacted.

15. Pursuant to Cayman Islands law and the Governing Documents, Claimant Imperial SP is a segregated portfolio and a single legal entity whose assets and liabilities are segregated from Imperial Vision Fund SPC.

16. Pursuant to Cayman Islands law and the Governing Documents, Claimant Imperial SP is managed by the Board of Imperial Vision Fund SPC.

**The Participating Shareholders**

17. Pursuant to the Cayman Islands Companies Act and the Governing Documents, holders of Participating Shares shall not be entitled to requisition, receive notice of, attend, speak nor vote at any General Meeting of the Company except with respect to the appointment or removal of Directors.

18. On August 30, 2024, the Board approved a non-base-currency subscription by investor Gui Zizhou ("Gui") for Class B Participating Shares of Imperial SP up to a total value $7,859,678.40 Hong Kong Dollars ("HKD").

a. Attached hereto as Exhibit 13 is a copy of the Written Resolutions by All the Directors of the Company, dated 2 September 2024.

b. Attached hereto as Exhibit 14 is a copy of the Subscription Confirmation dated September 2, 2024, confirming Gui Zizhou's subscription of 779.7300 Class B shares at a price of HKD$10,000/share.

19. On January 2 and 17, 2025, respectively, Claimant Zhou subscribed for Class B Participating Shares of Imperial SP up to a total value of HKD$7,488,000, purchased the Class B shares previously held by Gui Zizhou, and the Board executed a resolution ratifying the subscription and transfer of shares.

a. Attached hereto as Exhibit 15 is a copy of the Written Resolutions by All the Directors of the Company, dated 17 January 2025.

b. Attached hereto as Exhibit 16 is a copy of the Written Resolutions by All the Directors of the Company, dated 3 March 2025, authorizing the transfer of all of Gui Zizhou's shares to Zhou Huan.

c. Attached hereto as Exhibit 17 is a copy of the Subscription Confirmation dated January 2, 2025, confirming Zhou Huan's subscription of 835.5120 Class B shares at a price of HKD$8,930.1042/share.

20. On December 1 and 24, 2025, respectively, Shenghui Cleanness (HK) Limited ("Cleanness") subscribed for Class B Participating Shares of Imperial SP up to a total value of HKD$14,210,000.

a. Attached hereto as Exhibit 18 is a copy of the Written Resolutions by All the Directors of the Company, dated 24 December 2025.

b. Attached hereto as Exhibit 19 is a copy of the Subscription Confirmation dated December 1, 2025, confirming Cleanness's subscription of 1421.000 Class B shares at a price of HKD$10,000.00/share.

21. On January 2, 2026, Claimant Zhou subscribed for additional Class B Participating Shares of Imperial SP.

a. Attached hereto as Exhibit 20 is a copy of the Subscription Confirmation dated January 2, 2026, confirming Zhou Huan's subscription of 834.1954 Class B shares at a price of HKD$22,860.8084/share.

22. On or about August 28, 2026, Cleanness issued a notice of redemption of its participating Class B shares of Imperial SP.

**Affiliates of Dreamland Limited Solicit the Board of Imperial Vision Fund SPC to Invest in its FPO**

23. Beginning on or about July 23, 2025, Dreamland Limited, a Cayman Islands company ("Dreamland") began trading publicly following its NASDAQ initial public offering (the "IPO") under the symbol TDIC ("TDIC").

24. On March 16, 2026, Dreamland filed SEC Form F-1 registering a follow-on public offering (the "FPO") of TDIC shares and warrants.

25. In or around March, 2026, Frances Seto, an affiliate of Trendic International Limited (HK) ("Trendic"), communicated with Wilson Fong to cause Imperial SP to subscribe for shares and warrants of Dreamland in connection with the FPO.

a. Attached hereto as Exhibit 21 is a copy of an email dated March 23-24, 2026 between Ms. Seto and Mr. Fong.

26. On March 24, 2026, the Board of Imperial Vision Fund SPC approved an investment in TDIC for the purchase of 1,145,000 Class A Ordinary Shares at $0.15/share, plus immediate exercise of Common Warrants for 5,727,000 warrant shares at $0.01/share in exchange for total consideration of $229,080.

a. Attached hereto as Exhibit 22 is a copy of the Written Resolutions of All the Directors of the Company dated March 24, 2026.

b. Attached hereto as Exhibit 23 is a copy of the Securities Purchase Agreement dated March 24, 2026.

27. As of March 31, 2026, Imperial SP held the following securities in its account at Clear Street LLC ("Clear Street"):

a. 1,830,522 shares of 707 Cayman Holdings Ltd. (JEM); and

b. 3,245,855 shares of Roma Green Finance Ltd. (ROMA).

28. On April 1, 2026, Imperial SP also held certain shares of Melco International Development, a company listed on the Hong Kong Stock Exchange under code 00200 ("Melco") in a securities account in Hong Kong.

29. On April 1, 2026, 470,000 shares of Melco securities held in Imperial SP's account in Hong Kong were sold for net proceeds of HKD$1,972,820.62, a portion of these proceeds were converted into $229,080 United States Dollars ("USD"), and USD$229,080 was transferred to Trendic for the subscription of TDIC shares and warrants.

a. A duly certified translation of a record regarding the sale of Melco stock will be provided.

b. A duly certified translation of a copy of a statement showing the conversion of proceeds from the sale of Melco stock into USD$229,080 and the transfer to Trendic will be provided.

30. On April 13, 2026, TDIC announced a 1-for-5 reverse stock split effective April 20, 2026.

31. On April 20, 2026, TDIC's 1-for-5 reverse stock split became effective.

32. On April 20, 2026, TDIC's follow-on public offering became effective.

33. On or about April 27, 2026 TranShare Corporation, a transfer agent, entered a book-entry notation issuing 1,374,480 shares of TDIC to Imperial SP.

**The Claim**

34. Claimants Zhou and Imperial SP now respectfully submit this Verified Claim to the Court to challenge the forfeiture of the Defendants-In-Rem identified in paragraphs 1, 1(a), and 1(b) of the Complaint.

35. During the relevant period, none of the Class B participating shareholders had any authority to execute and did not execute any of the trades in the Clear Street account that are the basis of the forfeiture as alleged in the Complaint.

36. At all relevant times, Claimant Zhou had no control over and did not participate in or direct any of the trading activity that is the basis of the forfeiture alleged in the Complaint.

37. Pursuant to the Cayman Islands Companies Act and the Governing Documents, holders of Participating Shares, such as Claimant Zhou, had no right to requisition, receive notice of, attend, speak nor vote at any General Meeting of the Company except with respect to the appointment or removal of Directors.

38. Claimant Zhou is the ultimate beneficial owner of the Defendants-In-Rem but was not in control of any trading activity alleged in the Complaint as the basis for the forfeiture.

39. Pursuant to Cayman Islands law and the Governing Documents, Claimant Imperial SP is a segregated portfolio and a single legal entity that holds legal title to the Defendants-In-Rem for the benefit of Class B participating shareholders, including Claimant Zhou.

40. Pursuant to Cayman Islands law and the Governing Documents, Claimant Imperial SP did not control any of the trading activity alleged in the Complaint as the basis of the forfeiture.

41. Pursuant to Cayman Islands law and the Governing Documents, the Board of Directors of Imperial Vision Fund SPC had decision-making authority over Claimant Imperial SP's assets and liabilities.

42. Pursuant to Cayman Islands law, the Governing Documents and the Investment Management Agreement, the Board of Directors of Imperial Vision Fund SPC had delegated to Leo Asset Management decision-making and trading authority regarding the trading activity alleged in the Complaint as the basis of the forfeiture.

43. During the relevant period, the trading activity alleged in the Complaint as the basis of the forfeiture was performed by Leo Asset Management pursuant to the Investment Management Agreement.

44. On or about August 28, 2026, the Board of Imperial Vision Fund SPC issued a notice of termination to Leo Asset Management.

45. As such, the interests of Claimants Zhou, as beneficial owner, and Imperial SP, as title owner, in the Defendants-In-Rem identified in paragraphs 1, 1(a), and 1(b) of the Complaint are not forfeitable as those interests neither constitute nor are derived from any unlawful activity of Claimants.

**JURY DEMAND**

The Claimants hereby demand a trial by jury as to all claims so triable.

Dated: New York, New York
August 31, 2026

FELICELLO LAW P.C.

By: ____________________________
Michael James Maloney
Rosanne E. Felicello
366 Madison Avenue, 3rd Fl.
New York, NY 10017
(212) 584-7806
mmaloney@felicellolaw.com
rosanne@felicellolaw.com

Michael J. Pérez
(admission pro hac vice expected)
PEREZ VAUGHN & FEASBY Inc.
600 B Street, Suite 2100
San Diego, CA 92101
Tel. (619) 784-3550
perez@pvflaw.com

*Attorneys for Claimants Zhou Hoan and Imperial Vision Fund SPC – Series 1 SP*

**VERIFICATION**

I, FONG CHUN YIN WILSON, being a duly appointed director of Imperial Vision Fund SPC, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: August _, 2026.

______________________________
FONG CHUN YIN WILSON

## VERIFICATION

I, ZHOU HUAN, the ultimate beneficial owner of the assets of Imperial Vision Fund SPC – Series 1 SP, declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct to the best of my knowledge.

Executed on: August _, 2026.

Zhou Huan

ZHOU HUAN