**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-against-<br><br>$8,388,824.85 IN UNITED STATES CURRENCY FORMERLY ON DEPOSIT IN CLEAR STREET LLC ACCOUNT NUMBER 115157, HELD IN THE NAME OF IMPERIAL VISION FUND SPC – SERIES 1 SP, AND ALL FUNDS TRACEABLE THERETO; and CERTAIN SECURITIES CONTAINED IN CLEAR STREET LLC ACCOUNT NUMBER 115157, HELD IN THE NAME OF IMPERIAL VISION FUND SPC – SERIES 1 SP, AND ALL FUNDS TRACEABLE THERETO,<br><br>Defendants-In-Rem. | Civil Action No.: 1:26-cv-05545-MMG<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF CLAIMANTS IMPERIAL VISION FUND SPC – SERIES 1 SP AND ZHOU HUAN** |

Claimants Zhou Huan ("Zhou") and Imperial Vision Fund SPC – Series 1 SP ("Imperial SP" and, together with Zhou, "Claimants"), by and through their undersigned attorneys, as and for their Answer and Affirmative Defenses to the Verified Civil Complaint for Forfeiture filed by Plaintiff United States of America (the "Government") on June 30, 2026 (the "Complaint"), respond and allege as follows. Claimants do not admit any of the headings, footnotes, images, or exhibits to the Complaint; to the extent that a response is required to the headings, footnotes, or images in the Complaint, Claimants deny. Except as expressly admitted herein, Claimants deny each and every allegation of the Complaint. Claimants reserve the right to assert other defenses and/or to supplement or amend this Answer and Affirmative Defenses as this action continues and additional facts or evidence are discovered.

1. Paragraph 1 of the Complaint purports to characterize this action, to which no response is required. To the extent a response is required, Claimants admit that Clear Street LLC Account Number 115157 (the "Subject Account") was held in the name of Imperial Vision Fund SPC – Series 1 SP and, immediately prior to the seizure, held certain cash and securities identified in subparagraphs 1(b)(i) through 1(b)(vii). Claimants deny that the Defendants-in-rem are subject to forfeiture, and otherwise deny the allegations of paragraph 1.

2. Paragraph 2 states a legal conclusion to which no response is required.

3. Paragraph 3 states a legal conclusion to which no response is required. To the extent a response is required, Claimants deny that any act or omission giving rise to forfeiture took place in this District or elsewhere, and otherwise deny the allegations of paragraph 3.

4. Claimants deny the allegations of paragraph 4.

5. Claimants admit that Dreamland Limited is a Cayman Islands company whose shares trade on the Nasdaq Capital Market under the symbol "TDIC." Claimants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore deny them.

6. Claimants admit that Imperial SP acquired TDIC shares directly from Dreamland in its follow-on public offering, and that on or about May 14, 2026, TDIC shares held in the Subject Account were sold for proceeds of approximately $17.7 million. Claimants deny the remaining allegations of paragraph 6, and specifically deny any participation in, direction of, or knowledge of any "pump-and-dump" or other manipulative scheme.

7. Claimants admit that on June 15, 2026, at 12:05 p.m., the Honorable Sarah L. Cave, United States Magistrate Judge for the Southern District of New York, issued a Warrant of Seizure in 26 Mag. 2334 directed to Clear Street LLC, and respectfully refer the Court to that warrant for

its contents. Claimants admit, upon information and belief, that a 1-for-25 reverse stock split converted 3,090 shares of TDIC into 123 shares. Claimants deny that the Warrant of Seizure identified any offense giving rise to forfeiture, deny that it was valid, deny that it was supported by probable cause, and otherwise deny the allegations of paragraph 7.

8. Paragraph 8 sets forth general background containing no allegation concerning Claimants, to which no response is required. To the extent a response is required, Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore deny them.

9. Paragraph 9 sets forth general background containing no allegation concerning Claimants, to which no response is required. To the extent a response is required, Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore deny them.

10. Claimants respectfully refer the Court to the referenced registration statement and prospectuses for their contents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore deny them.

11. Claimants admit, upon information and belief, the allegations of paragraph 11.

12. Claimants respectfully refer the Court to the referenced Form 6-K for its contents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore deny them.

13. Claimants admit that Dreamland filed a registration statement on Form F-1 for a follow-on public offering, which upon information and belief was filed on or about March 16, 2026, and respectfully refer the Court to that filing for its contents. Claimants otherwise lack

knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and therefore deny them.

14. Claimants admit, upon information and belief, that Dreamland announced and effected a 1-for-5 reverse stock split effective on or about April 20, 2026. Claimants otherwise deny the allegations of paragraph 14, including the allegations concerning Dreamland's purpose.

15. Claimants admit that Imperial SP subscribed for Class A ordinary shares and warrants of Dreamland in the follow-on public offering for total consideration of $229,080, and thereafter received 1,374,480 (post-split) shares of TDIC. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning information Dreamland provided to FINRA, and otherwise deny the allegations of paragraph 15. Claimants further state that the correct name of the account holder is Imperial Vision Fund SPC – Series 1 SP.

16. Claimants respectfully refer the Court to the referenced Form 6-K for its contents, and state that they otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore deny them.

17. Claimants respectfully refer the Court to publicly available market data for TDIC's trading history and state that they otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore deny them.

18. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore deny them.

19. Claimants deny the allegations of paragraph 19.

20. Claimants respectfully refer the Court to publicly available market data for TDIC's trading history and state that they otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and therefore deny them.

21. Claimants respectfully refer the Court to the referenced press release for its contents and state that they otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and therefore deny them.

22. Claimants deny the allegations of paragraph 22, and specifically deny any participation in, direction of, or knowledge of any promotional campaign, account intrusion, or other conduct affecting the price of TDIC.

23. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, including subparagraphs 23(a) through 23(c), and therefore deny them.

24. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and therefore deny them, and specifically deny any involvement in or connection to the conduct described.

25. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and therefore deny them, and specifically deny any involvement in or connection to any promotional activity concerning TDIC.

26. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore deny them, and specifically deny any involvement in or connection to any promotional activity concerning TDIC or to the persons described.

27. Claimants admit that on or about May 14, 2026, approximately 1,486,841 shares of TDIC were sold in the Subject Account for total proceeds of approximately $17,692,745.89.

Claimants deny that those shares were sold at an artificially inflated price, deny that the sales were coordinated with the conduct alleged in paragraphs 22 through 26, deny that Claimants directed or executed the sales, and otherwise deny the allegations of paragraph 27.

28. Claimants respectfully refer the Court to publicly available market data for TDIC's closing prices, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and therefore deny them.

29. Claimants admit that the Subject Account was opened at Clear Street LLC on or about August 8, 2025 in the name of Imperial Vision Fund SPC – Series 1 SP; that Clear Street LLC is, upon information and belief, headquartered in Manhattan; and that Imperial Vision Fund SPC is a Cayman Islands exempted segregated portfolio company registered as a mutual fund with the Cayman Islands Monetary Authority, of which Imperial SP is a segregated portfolio. Claimants otherwise deny the allegations of paragraph 29.

30. Claimants admit that on or about April 27, 2026, TranShare Corporation entered a book-entry notation issuing 1,374,480 shares of TDIC to Imperial SP, which shares were thereafter held in the Subject Account. Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning information provided to FINRA and therefore deny them, and otherwise deny the allegations of paragraph 30.

31. Claimants respectfully refer the Court to the records of the Subject Account for the trading activity described, deny that Claimants directed or executed any of that activity, and otherwise deny the allegations of paragraph 31.

32. Claimants admit that on or about May 14, 2026, approximately 1,486,841 shares of TDIC were sold in the Subject Account for total proceeds of approximately $17,692,745.89, and that TDIC shares other than the 3,090 shares remaining in the Subject Account were thereafter

transferred to another brokerage. Claimants deny that Claimants directed or executed those transactions, and otherwise deny the allegations of paragraph 32.

33. Claimants admit that on or about May 18, 2026, the securities identified in the table in paragraph 33 were purchased in the Subject Account, and respectfully refer the Court to the account records for the quantities and prices. Claimants otherwise deny the allegations of paragraph 33.

34. Claimants admit, upon information and belief, that on or about June 15, 2026 the Government seized the Seized Shares and approximately $8.4 million in cash from the Subject Account. Claimants deny that the seizure was lawful or supported by probable cause, and otherwise deny the allegations of paragraph 34.

35. Claimants repeat and reallege each response set forth above as if fully set forth herein.

36. Paragraph 36 quotes a statute and states legal conclusions to which no response is required. Claimants respectfully refer the Court to 18 U.S.C. § 981(a)(1)(C) for its terms.

37. Paragraph 37 quotes statutes and states legal conclusions to which no response is required. Claimants respectfully refer the Court to 18 U.S.C. §§ 1956(c)(7) and 1961(1) for their terms.

38. Claimants deny the allegations of paragraph 38.

39. Claimants repeat and reallege each response set forth above as if fully set forth herein.

40. Paragraph 40 quotes a statute and states legal conclusions to which no response is required. Claimants respectfully refer the Court to 18 U.S.C. § 981(a)(1)(A) for its terms.

41. Paragraph 41 quotes a statute and states legal conclusions to which no response is required. Claimants respectfully refer the Court to 18 U.S.C. § 1956(a)(1)(B)(i) for its terms.

42. Paragraph 42 quotes statutes and states legal conclusions to which no response is required. Claimants respectfully refer the Court to 18 U.S.C. § 1956(h) and the other statutes cited for their terms.

43. Paragraph 43 quotes a statute and states legal conclusions to which no response is required. Claimants respectfully refer the Court to 18 U.S.C. § 1957(a) for its terms.

44. Paragraph 44 quotes a statute and states legal conclusions to which no response is required. Claimants respectfully refer the Court to 18 U.S.C. § 1957(d) for its terms.

45. Paragraph 45 quotes a statute and states legal conclusions to which no response is required. Claimants respectfully refer the Court to 18 U.S.C. § 1957(f)(3) for its terms.

46. Claimants deny the allegations of paragraph 46.

To the extent a response is required to the unnumbered "WHEREFORE" paragraph following paragraph 46 of the Complaint, Claimants deny that the Government is entitled to the relief requested therein or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Claimants assert the following defenses without prejudice to the denials set forth above and without admitting any allegation of the Complaint not otherwise expressly admitted. Claimants do not assume the burden of proof of any defense except as required by applicable law with respect to a specific defense.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1. The Complaint fails to state a claim upon which relief can be granted. The Government cannot establish the elements of forfeiture under 18 U.S.C. § 981(a)(1)(A) or § 981(a)(1)(C) because it has not alleged, and cannot establish, that any specified unlawful activity occurred, that any wire fraud, securities fraud, or money laundering offense was committed by Claimants or by anyone acting on their behalf or with their knowledge or consent, or that the Defendants-in-rem constitute, are derived from, or are traceable to the proceeds of any such offense or were involved in any such offense.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to Plead With Particularity)**

2. The Complaint fails to state sufficiently detailed facts to support a reasonable belief that the Government will be able to meet its burden of proof at trial, as required by Rule G(2)(f) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and fails to plead the alleged fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. The Complaint alleges no fact connecting Claimants or the trading in the Subject Account to the promotional activity, account intrusions, or other allegedly manipulative conduct described in the Complaint.

**THIRD AFFIRMATIVE DEFENSE**

**(No Substantial Connection; Property Not Traceable to Any Offense)**

3. The Defendants-in-rem are not subject to forfeiture because they neither constitute nor are derived from proceeds traceable to any specified unlawful activity, were not involved in any transaction or attempted transaction in violation of 18 U.S.C. §§ 1956, 1957, or 1960, and are

not traceable to any such property. The Government cannot establish the substantial connection between the Defendants-in-rem and any offense that 18 U.S.C. § 983(c)(3) requires. The Complaint alleges no facts describing how the Defendants-in-rem were used to commit or facilitate, or were involved in, any offense. The Defendants-in-rem consist of cash and shares of widely held, publicly traded securities that bear no connection to any offense beyond their presence in a brokerage account in which shares of TDIC were bought and sold.

**FOURTH AFFIRMATIVE DEFENSE**

**(No Wire Fraud – 18 U.S.C. § 1343)**

4. The Defendants-in-rem are not forfeitable under 18 U.S.C. § 981(a)(1)(C) as property constituting or derived from proceeds traceable to wire fraud, because the Complaint fails to allege, and the Government cannot establish, a violation of 18 U.S.C. § 1343 or any other specified unlawful activity within the meaning of 18 U.S.C. § 1956(c)(7). A violation of 18 U.S.C. § 1343 requires a scheme or artifice to defraud, or to obtain money or property by means of false or fraudulent pretenses, representations, or promises; money or property as the object of that scheme; and the transmission of a writing, sign, signal, picture, or sound by means of wire communication in interstate or foreign commerce for the purpose of executing the scheme. The Complaint identifies no person who devised, intended to devise, or participated in any scheme or artifice to defraud. It identifies no false or fraudulent pretense, representation, or promise. Although the Complaint characterizes the promotional activity it describes as "deceptive," it does not identify any statement made by any promoter that was false, does not state when or by whom any false statement was made, and does not explain why any such statement was false. The alert attributed to "Grandmaster-Obi" is alleged only to have promoted TDIC at an "entry price of $1.20 per share," and the communications attributed to unnamed financial influencers are alleged only

to have promoted TDIC as a "short squeeze" play; the Complaint does not allege that any of those statements was untrue. The only statement by Dreamland Ltd. that the Complaint identifies is its press release of May 12, 2026, which the Complaint nowhere alleges to have been false in any respect and which the Complaint affirmatively pleads "appears unlikely" to explain the increase in the price of TDIC shares on May 13 and 14, 2026. The Complaint further alleges that the orders placed through the compromised brokerage credentials were all cancelled, so that no purchase was effected, no trade was executed, and no money or property was obtained by means of that conduct. The investor complaints described in the Complaint relate exclusively to trading in TDIC in and around October 2025, and the Complaint does not allege any conduct by Imperial SP before April 2026 or that any part of the Defendants-in-rem is traceable to that earlier period. In all events, the Complaint alleges no scheme or artifice to defraud devised or joined by Claimants or by any person acting for or on behalf of Claimants, and no wire communication transmitted by Claimants, or caused to be transmitted by Claimants, for the purpose of executing any such scheme.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Securities Fraud – 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 1348)**

5. The Defendants-in-rem are not forfeitable under 18 U.S.C. § 981(a)(1)(C) as property constituting or derived from proceeds traceable to securities fraud, because the Complaint fails to allege, and the Government cannot establish, a violation of 15 U.S.C. § 78j(b) or § 78ff, 17 C.F.R. § 240.10b-5, or 18 U.S.C. § 1348, or any other specified unlawful activity within the meaning of 18 U.S.C. § 1956(c)(7). The Complaint identifies no untrue statement of material fact and no omission of a material fact made by any person in connection with the purchase or sale of any security, and identifies no person who employed any device, scheme, or artifice to defraud or

any manipulative or deceptive device or contrivance. It alleges no facts establishing that any person acted with scienter, that any person acted willfully, as 15 U.S.C. § 78ff requires, or that any person knowingly executed or attempted to execute a scheme or artifice, as 18 U.S.C. § 1348 requires. To the extent the Government proceeds upon a theory of market manipulation, the Complaint alleges no manipulative act that affected the market for TDIC shares: it alleges that the orders placed through compromised brokerage credentials were all cancelled and therefore executed no trades and generated no buying pressure, and it does not allege that any statement contained in any promotional communication was false or misleading. To the extent the Government proceeds upon a theory premised upon the disclosures of Dreamland Ltd., the Complaint does not allege that any statement in any registration statement, report, or press release of Dreamland Ltd. was false or misleading, and it affirmatively pleads that Dreamland's press release of May 12, 2026 "appears unlikely" to explain the increase in the price of TDIC shares. The Complaint does not allege that Claimants, or any person acting for or on behalf of Claimants, made any statement to the market concerning TDIC, communicated with any promoter of TDIC, participated in or knew of any promotional campaign concerning TDIC, or had any involvement in or knowledge of the unauthorized access to brokerage accounts described in the Complaint. The Complaint also fails to allege that Dreamland Ltd. is an issuer with a class of securities registered pursuant to section 12 of the Securities Exchange Act of 1934, or that Dreamland Ltd. is required to file reports pursuant to section 15(d) of that Act, as 18 U.S.C. § 1348 requires. Imperial SP acquired shares and warrants of Dreamland Ltd. in a registered public offering, at the offering price and warrant exercise price disclosed to the Securities and Exchange Commission, and sold shares of TDIC in the open market on a national securities exchange, in each case without any untrue statement, omission, manipulative act, or deceptive device.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Money Laundering Offense – 18 U.S.C. §§ 1956 and 1957)**

6. The Defendants-in-rem are not forfeitable under 18 U.S.C. § 981(a)(1)(A) because no violation of 18 U.S.C. § 1956, § 1957, or § 1960 has occurred, and none is alleged with respect to the Defendants-in-rem. The Complaint identifies no financial transaction or monetary transaction said to constitute the offense. It identifies no person alleged to have conducted or attempted to conduct any such transaction. It alleges no facts showing that any person knew that the property involved in any transaction represented the proceeds of some form of unlawful activity, as 18 U.S.C. § 1956(a)(1) requires, or that any person knowingly engaged in a monetary transaction in criminally derived property of a value greater than $10,000 derived from specified unlawful activity, as 18 U.S.C. § 1957(a) requires. It alleges no facts showing that any transaction was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity, as 18 U.S.C. § 1956(a)(1)(B)(i) requires. It alleges no agreement between two or more persons to commit an offense defined in 18 U.S.C. § 1956, as 18 U.S.C. § 1956(h) requires. And it alleges no facts establishing a substantial connection between the Defendants-in-rem and any offense, as 18 U.S.C. § 983(c)(3) requires. The only transactions identified anywhere in the Complaint are the transfer of TDIC shares from the Subject Account to another brokerage and the purchase, on or about May 18, 2026, of shares of six widely held, publicly traded securities. Those purchases were made in the Subject Account, in the name of Imperial SP, at the same broker-dealer at which the Subject Account had been maintained since August 2025, in securities quoted on national securities exchanges, and were recorded in the books and records of Clear Street LLC. They concealed and disguised nothing. No person acting for or on behalf of Claimants knew or had reason to believe

that any property in the Subject Account constituted or was derived from the proceeds of unlawful activity, and no person acting for or on behalf of Claimants conducted any transaction with the design of concealing or disguising the nature, the location, the source, the ownership, or the control of any such property.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Innocent Owner – 18 U.S.C. § 983(d))**

7. Claimants are innocent owners of the Defendants-in-rem within the meaning of 18 U.S.C. § 983(d). Claimant Zhou is the ultimate beneficial owner of the Defendants-in-rem and, as a holder of Class B Participating Shares of Imperial SP, had no right under the Cayman Islands Companies Act or the governing documents of Imperial Vision Fund SPC to requisition, receive notice of, attend, speak, or vote at any general meeting of the company except with respect to the appointment or removal of directors; she had no authority over, and did not direct, execute, participate in, consent to, or have knowledge of, any of the trading activity alleged in the Complaint as the basis for forfeiture. Claimant Imperial SP holds legal title to the Defendants-in-rem for the benefit of its Class B participating shareholders and likewise did not know of, consent to, or participate in the conduct alleged in the Complaint. Decision-making and trading authority with respect to the assets of Imperial SP was delegated by the Board of Directors of Imperial Vision Fund SPC to Leo Asset Management Limited, a Hong Kong company licensed by the Hong Kong Securities and Futures Commission, pursuant to an Investment Management Agreement dated November 20, 2020, and the trading activity alleged in the Complaint as the basis for forfeiture was performed by Leo Asset Management Limited. Upon learning of the allegations, the Board of Directors of Imperial Vision Fund SPC did all that could reasonably be expected under the

circumstances, including by issuing a notice of termination to Leo Asset Management Limited on or about August 28, 2026.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Bona Fide Purchaser for Value – 18 U.S.C. § 983(d)(3))**

8. To the extent any interest of Claimants in the Defendants-in-rem is deemed to have been acquired after the conduct giving rise to forfeiture had taken place, Claimants acquired that interest as bona fide purchasers or sellers for value who did not know and were reasonably without cause to believe that the property was subject to forfeiture.

**NINTH AFFIRMATIVE DEFENSE**

**(Segregated Portfolio; Interests of Innocent Shareholders)**

9. Imperial SP is a segregated portfolio and a single legal entity whose assets and liabilities are segregated from those of Imperial Vision Fund SPC and its other segregated portfolios by operation of Cayman Islands law and the governing documents, and it holds legal title to the Defendants-in-rem for the benefit of its Class B participating shareholders. Forfeiture is barred, or must be limited, to the extent it would reach the interests of shareholders and other persons who had no knowledge of, and did not consent to, the conduct alleged in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

**(Untainted and Commingled Property; Apportionment)**

10. The Defendants-in-rem include property that is not forfeitable under any theory alleged in the Complaint, including capital contributed by Imperial SP's participating shareholders through lawful subscriptions and the proceeds of lawfully acquired and lawfully sold securities unrelated to TDIC. The Government may not forfeit untainted property, and any forfeiture must be limited to property the Government proves by a preponderance of the evidence to be forfeitable.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Excessive Fines – Eighth Amendment)**

11. Forfeiture of the Defendants-in-rem would be grossly disproportional to the gravity of any offense alleged and would therefore constitute an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. Claimants assert this defense pursuant to 18 U.S.C. § 983(g).

**TWELFTH AFFIRMATIVE DEFENSE**

**(Unlawful Seizure – Defective Seizure Warrant)**

12. The Defendants-in-rem were seized pursuant to a warrant that was invalid under the Fourth Amendment to the United States Constitution and 18 U.S.C. § 981(b), and the Government may not rely upon that seizure or upon any evidence obtained by or derived from it. Seizures effected for purposes of civil forfeiture must comport with the Fourth Amendment, and a seizure warrant issued under 18 U.S.C. § 981(b)(2) must be obtained in the same manner as a search warrant under the Federal Rules of Criminal Procedure. The Warrant of Seizure issued on June 15, 2026 at 12:05 p.m. in 26 Mag. 2334 (the "Seizure Warrant") was defective in the following respects. First, the Seizure Warrant does not identify any offense giving rise to forfeiture. It recites only that the captioned property is "subject to seizure and civil forfeiture pursuant to 18 U.S.C. § 981(a) and (b)," a statute that sets out numerous independent grounds for forfeiture in subsections (a)(1)(A) through (a)(1)(H) and that incorporates by reference the scores of predicate offenses listed in 18 U.S.C. §§ 1956(c)(7) and 1961(1). Nothing on the face of the Seizure Warrant identifies the wire fraud, securities fraud, or money laundering offenses on which the Government now relies, or any other offense. Second, the affidavit of Special Agent Heather Stachnik submitted in support of the Seizure Warrant was neither attached to the Seizure Warrant nor incorporated

into it by deliberate and unequivocal language. The Seizure Warrant recites only that "an affidavit having been made before me by Heather Stachnik" stating "that she has reason to believe that the above-captioned property is subject to seizure and civil forfeiture," and that the issuing Magistrate Judge was "satisfied that there is probable cause." That bare reference cannot cure the Seizure Warrant's lack of particularity. Third, the Seizure Warrant authorized the seizure of "all cash" contained in the Subject Account without limitation as to amount and without limitation to any sum alleged to be traceable to any offense, notwithstanding that the Government itemized each security to be seized by issuer, ticker symbol, quantity, and approximate value, and notwithstanding that the Subject Account held capital contributed to Imperial SP through lawful subscriptions and the proceeds of lawfully acquired and lawfully sold securities unrelated to TDIC. Fourth, the Seizure Warrant was directed to Clear Street LLC, a private broker-dealer, and commanded Clear Street to effect the seizure and to "take no unreasonable action to frustrate the implementation of it," rather than commanding a federal officer to execute it, and, upon information and belief, no inventory or return was prepared or served as required by Rule 41(f) of the Federal Rules of Criminal Procedure. Fifth, the Seizure Warrant described the securities to be seized by reference to their approximate values as of June 8, 2026, one week before the Seizure Warrant issued, and described 3,090 shares of Dreamland Ltd. having an approximate value of $1,341; to the extent the property seized was not the property so described, the seizure exceeded the scope of the Seizure Warrant. Sixth, upon information and belief, the application and affidavit submitted in support of the Seizure Warrant failed to establish probable cause to believe that the Defendants-in-rem constitute or are derived from proceeds traceable to any specified unlawful activity, or were involved in any transaction or attempted transaction in violation of 18 U.S.C. §§ 1956, 1957, or 1960, and omitted material facts that, had they been disclosed, would have defeated

any finding of probable cause, including that the attempted purchases of TDIC effected through compromised brokerage credentials were all cancelled and generated no buying pressure and no proceeds, that Claimants acquired their TDIC shares and warrants at the offering price and warrant exercise price registered with the Securities and Exchange Commission, that Imperial SP was a net purchaser of TDIC shares at prevailing market prices during the weeks preceding May 14, 2026 and sold TDIC shares during that period at prices below its average cost, that Imperial SP retained the majority of its TDIC position through the subsequent decline in the share price, and that no promoter, intruder, or other participant in the conduct described in the Complaint was connected in any manner to Claimants. The seizure of the Defendants-in-rem was therefore unreasonable, as is the Government's continued retention of them; the Government may not use the Defendants-in-rem, or any evidence obtained by or derived from the unlawful seizure, in this action; and Claimants are entitled to the return of the Defendants-in-rem together with interest, costs, and attorneys' fees as provided by 28 U.S.C. § 2465(b). Claimants have not been provided with the application or the affidavit submitted in support of the Seizure Warrant and reserve the right to supplement or amend this defense upon receipt of those materials. Claimants further reserve all rights under Rule G(8)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and 18 U.S.C. § 981(b)(3), and waive no objection by pleading this defense.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Due Process)**

13. The seizure and attempted forfeiture of the Defendants-in-rem deprive Claimants of property without due process of law in violation of the Fifth Amendment to the United States Constitution, including because the seizure was not supported by probable cause, the Complaint

does not afford Claimants adequate notice of the conduct alleged to render the Defendants-in-rem forfeitable, and the Government's continued retention of the Defendants-in-rem is unreasonable.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Conduct of Third Parties Not Attributable to Claimants)**

14. Any unlawful conduct alleged in the Complaint was committed, if at all, by third parties acting outside the scope of any authority conferred by Claimants and without Claimants' knowledge, consent, participation, or ratification. Such conduct cannot be imputed to Claimants or serve as a basis for forfeiture of Claimants' interests in the Defendants-in-rem.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Comply With Statutory Requirements)**

15. The Complaint is barred, and the Defendants-in-rem must be returned, to the extent the Government has failed to comply with the notice, timing, and procedural requirements of 18 U.S.C. § 983 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, or with any other applicable statute or rule.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Reservation of Rights)**

16. Claimants have not knowingly or intentionally waived any applicable defense, and reserve the right to assert and rely upon such other and further defenses as may become available or apparent during discovery or otherwise in this action, and to amend this Answer and any defenses accordingly.

**JURY DEMAND**

Claimants hereby demand a trial by jury on all issues so triable.

WHEREFORE, Claimants Zhou Huan and Imperial Vision Fund SPC – Series 1 SP respectfully request that the Court enter judgment as follows:

(a) Dismissing the Complaint in its entirety and with prejudice;

(b) Denying the forfeiture of the Defendants-in-rem and ordering the prompt return of the Defendants-in-rem to Claimants, together with interest as provided by 28 U.S.C. § 2465(b);

(c) Awarding Claimants their reasonable attorneys' fees, costs, and expenses pursuant to 28 U.S.C. § 2465(b)(1) and any other applicable law; and

(d) Granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
September 21, 2026

FELICELLO LAW P.C.

By: /s/ Michael James Maloney
Michael James Maloney

366 Madison Avenue, 3rd Floor
New York, New York 10017
Tel. (212) 584-7806
mmaloney@felicellolaw.com

Michael J. Pérez
(admission pro hac vice expected)
PEREZ VAUGHN & FEASBY Inc.
600 B Street, Suite 2100
San Diego, California 92101
Tel. (619) 784-3550
perez@pvflaw.com

Attorneys for Claimants Zhou Huan and
Imperial Vision Fund SPC – Series 1 SP