**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 38th Floor*
*New York, New York 10278*

October 2, 2026

**By ECF**
Hon. Margaret M. Garnett
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:** ***United States v. $8,388,824.85 in United States Currency Formerly on Deposit in Clear Street LLC Account Number 115157, Held in the Name of Imperial Vision Fund SPC – Series 1 SP, and All Funds Traceable Thereto, et al.*****, 26 Civ. 5545 (MMG)**

Dear Judge Garnett:

The Government respectfully writes, on behalf of the parties, to request that the initial conference scheduled for October 7, 2026 be adjourned to mid-December 2026. In the interim, the parties expect to file amended pleadings and to confer regarding standing-related discovery. The parties respectfully submit that the Court will be better positioned to set a schedule for fact discovery after the standing issue is resolved.

By way of background, on June 30, 2026, the Government filed this action seeking civil forfeiture of certain assets held in a brokerage account in the name of Imperial Vision Fund SPC – Series 1 SP ("Imperial Vision"). (Dkt. 1). The complaint alleges that the assets are the proceeds of a "pump-and-dump" scheme involving shares of Dreamland Limited ("Dreamland" or "TDIC"). (*Id.* ¶ 6). Among other things, the complaint alleges that Imperial Vision acquired a large quantity of TDIC shares directly from Dreamland and that Imperial Vision sold TDIC shares for proceeds of approximately $17.7 million during the pump and dump. (*Id.*). The complaint also alleges that during the pump and dump, "a U.S. brokerage reported an unauthorized account intrusion that was used, unsuccessfully, to try to purchase a large quantity of TDIC stock." (*Id.* ¶ 6; *see also id.* ¶¶ 23–24).

On August 31, 2026, claimants Imperial Vision and Zhou Han filed a claim for the assets at issue. (Dkt. 8). On September 21, 2026, the claimants filed an answer denying all allegations of wrongdoing made by the Government and asserting affirmative defenses. (Dkt. 9). Among other things, the answer asserts that the TDIC "orders placed through the compromised brokerage credentials were all cancelled, so that no purchase was effected, no trade was executed, and no money or property was obtained by means of that conduct." (*Id.* ¶ 4; *see also id.* ¶ 5). The answer also asserts affirmative defenses challenging the sufficiency of the complaint, including that the complaint fails to state a claim, fails to state sufficiently detailed facts to support a reasonable belief that the Government will be able to meet its burden of proof at trial as required by

Supplemental Rule G(2)(f), and fails to plead fraud with the particularity required by Federal Rule of Civil Procedure 9(b). (*Id.* ¶¶ 1–2). The claimants further assert that the complaint fails to allege the wire fraud, securities fraud, or money laundering offenses on which the forfeiture is premised, or a substantial connection between the assets at issue and any such offense. (*Id.* ¶¶ 3–6).

The parties have engaged in productive discussions regarding next steps in this litigation. The Government has informed the claimants that in the course of its ongoing investigation, it has obtained evidence indicating that orders of TDIC placed through the compromised brokerage credentials were in fact executed. To facilitate efficient litigation, the Government intends to amend its complaint by October 12, 2026, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). The claimants expect they will file an amended claim and answer or a motion to dismiss the amended Complaint by November 4, 2026.

Assuming the claimants file an amended claim and answer or a motion to dismiss, the Government expects to issue special interrogatories pursuant to Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Depending on the responses, the Government may move to strike one or both claimants for lack of standing.

An adjournment to mid-December 2026 will enable the parties to file their amended pleadings and to confer regarding the standing issue. Should the Court grant the adjournment, the parties will, in advance of the next conference date, update the Court regarding the progress of standing-related discovery and the proposed timing of any related motions.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

by: ______________________________
Alexander Li
Assistant United States Attorney
(212) 637-2265

cc: All counsel of record (*by ECF*)

GRANTED. The initial pretrial conference previously scheduled for October 7, 2026 is ADJOURNED to **Wednesday, December 16, 2026, at 9:00 a.m**.

SO ORDERED. Dated October 5, 2026.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE